UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN FREDERICK SHASTAL,
JR. and KIMBERLY ANN
SHASTAL,

     Debtors,                                                 Case No. 26-10383

_____ /        Hon. F. Kay Behm
                                            United States District Judge

RECOVERY LAW GROUP, APC,
Appellant,

v.

SAMUEL D. SWEET, Chapter 7
Trustee, *et al.*, Appellees.
_____ /

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
_____

**ORDER GRANTING TRUSTEE/DEBTORS' MOTION TO
DISMISS (ECF No. 3)**

Appellant Recovery Law Group appeals from a final judgment in

the bankruptcy court.  ECF No. 1, PageID.5-6.  Appellees filed a motion

to dismiss for failure to timely file the notice of appeal.  ECF No. 3.

Appellees have briefed the issues, but Appellant did not file a response,

1

and the court concludes that oral argument is not necessary to resolve the motion.

A party seeking to appeal a final judgment must file a Notice of Appeal in the bankruptcy Court within 14 days of the order.  Fed. R. Bankr. P. 8002, 8003(a)(1).  The deadlines set forth in Bankruptcy Rule 8002 are strictly construed.  *In Re Herdmann*, 242 B.R. 163, 168 (S.D. Ohio 1999); *Schwab Indus. v. Huntington Nat'l Bank*, 679 F. App'x 397, 398-99 (6th Cir. 2017) ("Cases interpreting Rule 8002 hold that it shall be strictly construed") (affirming district court's dismissal of bankruptcy appeal when notice of appeal was filed two days late).  True, Bankruptcy Rule 8002(a)(1)'s 14-day time limit for filing a notice of appeal is not jurisdictional.  *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020).  Nonetheless, the "deadline remains mandatory" and when the appellee raises the defect "in its motion to dismiss, the appeal must be dismissed as dilatory."  *Id.* ("Bankruptcy Rule 8002(a)(1) provides that an appeal '*must* be filed . . . within 14 days.'") (emphasis in original).

A final judgment and order was entered in the Bankruptcy Court on January 12, 2026.  ECF No. 3-8, PageID.237.  The fourteen-day deadline to file this appeal expired on January 26, 2026.  *See* Fed. R.

Bankr. P. 8002(a).  The notice of appeal was filed one day late on January 27, 2026.  ECF No. 1, PageID.3.  Appellants took no action to extend the time for filing their appeal.  They did not file a motion to extend the time for filing an appeal pursuant to Fed. R. Bank. P. 8002(d)(1), and cannot now do so because the latest date for filing such a motion expired on February 16, 2026 (21 days after the 14-day deadline expired on January 26, 2026).  Appellants have not offered any argument explaining the lateness of the filing, and waived their opportunity to respond to the motion to dismiss.  "[L]ittle needs to be said when an appeal is untimely."  *Schwab*, 679 F. App'x at 399-400 (6th Cir. 2017).  That Appellant here "declines to brief untimeliness or proffer an excuse is salient and dispositive on a record without contradiction."  *Id.*  Appellant filed its notice of appeal one day after the deadline and provides no explanation for why this court—sitting in an appellate instance—can or should review the bankruptcy appeal.  *See id.*

Appellees' motion is therefore **GRANTED**, and this appeal is **DISMISSED** pursuant to Fed. R. Bankr. P. 8002(a)(1) and 8003(a)(1).

SO ORDERED.

4

Date: June 1, 2026                                  s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge